```
                  UNITED STATES BANKRUPTCY COURT
                 FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                          )
                                )     Chapter 7
BENJAMIN S. STONE, d/b/a        )
WESTCOTT'S CLOTHING LLC         )     Bankruptcy No. 05-01547
                                )
      Debtor.                   )
```

**ORDER RE: OBJECTIONS TO EXEMPTIONS**
**(DOC. 8 and 18)**

This matter came before the undersigned on August 24, 2005 pursuant to assignment. Attorney Michael Dunbar appeared for Debtor Benjamin Stone. Attorney Brian Fagan appeared for Trustee Renee Hanrahan. After the presentation of evidence and argument, the Court took the matter under advisement. The time for filing briefs has now passed and this matter is ready for resolution. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

**STATEMENT OF THE CASE**

Trustee filed two Objections to Exemptions, both objecting to Debtor's claim that property located at N 3486 Darling Road, Bangor, Wisconsin is exempt as his homestead. One Objection asserts the homestead is not exempt from 941 tax debt due the Internal Revenue Service. The other Objection asserts that Debtor, as an Iowa resident, may not claim Wisconsin real estate exempt as his homestead. Debtor resists Trustee's Objections.

**FINDINGS OF FACT**

Debtor filed his Chapter 7 petition on April 8, 2005. Previously, on November 16, 2004, Debtor purchased a home in Bangor, Wisconsin on contract jointly with his fiancé, with Debtor paying $10,000 toward the down payment. They moved into the house the same day they executed the contract and continue to live there with their children. Debtor started a new job in Wisconsin at the same time.

From August 2002 through December 2004, Debtor operated a clothing store in Waverly, Iowa. During that time, Debtor

owned and lived in a building in Waverly that had been a triplex but which Debtor was trying to convert into a one-family home. Debtor testified that the house is not habitable except that he lived there while he was working on it. The house is worth less than the $48,779 debt it secures. Debtor's parents are continuing to do work to get it into saleable condition, hoping to sell it to satisfy the mortgage for which both Debtor and his parents are liable.

Debtor testified that he filed his bankruptcy petition in the Northern District of Iowa because that is where his business was located and where most of his debt was incurred. His principal place of business and the location of his business assets was the clothing store in Waverly, Iowa. The liquidation of his business occurred within 6 months prior to the date of his bankruptcy petition. Debtor testified that filing in Wisconsin would have been more convenient for him. He filed in Iowa, however, because most of his creditors were in Iowa. Incidentally, the bank where he had his business accounts was represented at the creditor's meeting held in Waterloo.

At the time he filed his bankruptcy petition, Debtor owned homes in both Iowa and Wisconsin, was not married, was registered to vote in Iowa, had an Iowa drivers license and owned two vehicles registered in Iowa. At the time of the hearing, Debtor's wedding was to occur within a week, he had a Wisconsin drivers license and owned no vehicles. Debtor testified that when he bought the house in Wisconsin, he intended to become a Wisconsin resident, although he returned to Waverly as needed to continue liquidating his business there. He stated he has no ties to Iowa now except the house which must be sold.

Testimony and argument was presented at the hearing regarding the language of the land contract. One copy of the contract described Debtor and his fiancé as co-buyers as husband and wife; the other copy did not have that language. The Court finds that this discrepancy has no bearing on the issues presented or on Debtor's credibility. Trustee also noted that the following appears on the fact of the contract: "This is not homestead property." Trustee argues this indicates that Debtor did not intend the property to be homestead property. This argument is resolved by Debtor's Brief which states that this language is required in Wisconsin

land contracts and indicates the status of the property as to the contract sellers, not the contract buyers.

Additionally, Trustee argues that Debtor claimed Iowa exemptions for all his property on his original schedules and amended Schedule C to claim the Wisconsin homestead exemption late in the case after the meeting of creditors. Trustee has not timely filed an objection to any other claimed exemptions and thus they are deemed allowed. See Fed. R. Bankr. P. 4003(b); 11 U.S.C. § 522(*l*); In re Indvik, 118 B.R. 993, 1006 (Bankr. N.D. Iowa 1990).

### CONCLUSIONS OF LAW

The Bankruptcy Code provides that debtors may only exempt property according to the laws of the state in which they have lived for 91 out of the preceding 180 days. In re Drenttel, 309 B.R. 320, 323 (B.A.P. 8th Cir. 2004), aff'd 403 F.3d 611 (8th Cir. 2005). Section 522(b)(2) states, in pertinent part:

> [A]n individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection.
> . . .
>
> (2)(A) any property that is exempt under . . . State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place.

11 U.S.C. § 522(b)(2).

In contrast, under 28 U.S.C. § 1408, there are four tests for venue, given in the alternative. In re Broady, 247 B.R. 470, 472 (B.A.P. 8th Cir. 2000). A bankruptcy case may be commenced in the district "in which the domicile, residence, principal place of business in the United States or principal assets in the United States, of the person or entity" that is the debtor have been located for the previous 180 days. 28 U.S.C. § 1408. "By providing four alternative bases for proper venue, the statute allows many possible locations where

3

an entity or individual may file for bankruptcy protection." Broady, 247 B.R. at 472.

Thus, if a bankruptcy petition is filed in a venue other than the debtor's domicile, exemptions are determined based on the debtor's domicile rather than on the place where the case is filed. See In re Drenttel, 403 F.3d 611, 614 (8th Cir. 2005) (finding that exemptions are provided by the law of the state where the petition is filed, where debtors filed in the state where they were domiciled). It is crucial to determine where the debtors are domiciled for the majority of the 180 days preceding their petitions. In re Ring, 144 B.R. 446, 449 (Bankr. E.D. Mo. 1992). A person has only one domicile at a particular time. In re Hodgson, 167 B.R. 945, 940 (D. Kan. 1994). Some factors considered in establishing domicile include:

> (1) current residence; (2) voting registration and voting practices; (3) location of spouse and family; (4) location of personal or real property; (5) location of brokerage and bank accounts; (6) memberships in churches, clubs, unions and other organizations; (7) location of a person's physician, lawyer, accountant, dentist and stockbroker; (8) place of employment or business; (9) driver's license and automobile registration; and (10) payment of taxes.

Id.

The Iowa homestead exemption states: "The homestead of every person is exempt from judicial sale where there is no special declaration of statute to the contrary". Iowa Code § 561.16. The size of the homestead is limited, but its value is not. See Iowa Code § 561.2. Trustee argues that the Iowa homestead exemption cannot be applied to real estate outside the state of Iowa, relying on Rogers v. Raisor, 14 N.W. 317 (Iowa 1882). That case states that proceeds from the sale of an Iowa homestead "upon being carried into Missouri, lost the distinctive character of being the proceeds of a sale of a homestead. When these proceeds were invested in a homestead in Missouri that homestead was not exempt from execution" under the Iowa homestead statute. Id.; cf. In re Drenttel, 403 F.3d 611, 615 (8th Cir. 2005) (applying Minnesota homestead exemption to Arizona real estate where neither the

4

statute nor case law precluded use of the exemption for out-of-state property).

Wisconsin law provides that an exempt homestead is exempt from execution to the amount of $40,000. Wis. State § 815.20. The statute itself expressly provides that the homestead extends to "any estate less than a fee," which allows it to encompass a vendee's interest in a land contract. In re Nabbefeld, 76 B.R. 132, 134 (Bankr. E.D. Wis. 1987); Lueptow v. Guptill, 202 N.W.2d 255 (Wis. 1972). It is the debtor's equity in the homestead property that is subject to the $40,000 limitation. See Rumage v. Gullberg, 611 N.W.2d 458, 468 (Wis. 2000) (calculating the fair market value of the homestead, minus any amount due to unexempt creditors to determine if the debtor's equity was greater than the statutory maximum). There is a strong public policy in Wisconsin to protect the homestead exemption. Weber v. Weber, 501 N.W.2d 413, 417-18 (Wis. 1993). "Because of this public policy, homestead statutes are liberally construed in favor of the debtor, and homestead rights are preferred over the rights of creditors." Schwanz v. Teper, 223 N.W.2d 896, 899 (Wis. 1974).

### SECTION 522(C)(1)

Under § 522(c)(1), property which is otherwise exempt remains liable for debts "of a kind specified in section 523(a)(1)." Section 523(a)(1) excepts from discharge certain taxes, including those specified in §§ 507(a)(2) and 507(a)(8). Subsection (C) of § 507(a)(8) applies to taxes "required to be collected or withheld and for which the debtor is liable in whatever capacity." This subsection is applicable to so-called 941 taxes, or wage withholding taxes, owed to the IRS. Debtor has listed 941 tax debt as a priority claim on his Schedule E.

Trustee relies on the foregoing in her initial objection to Debtor's homestead exemption. Debtor responds that his debt to the IRS survives discharge and the IRS may pursue either non-exempt or exempt property in satisfaction of its claim. Apparently, the IRS has not attempted to collect the 941 tax debt against Debtor's exempt or non-exempt property at this point.

**ANALYSIS**

Based on the foregoing, the Court concludes that Debtor's domicile for the greater portion of the 180 days preceding the date he filed his bankruptcy petition on April 8, 2005 was Wisconsin. Cf. In re Madia, No. 86-00453S, silip op. at 1 (Bankr. N.D. Iowa May 15, 1987) (making finding of fact that Debtors were domiciled in Iowa for a longer portion of the 180-day period immediately preceding the commencement of the bankruptcy than in any other place). Debtor had moved to his residence in Bangor, Wisconsin on or about November 16, 2004, or 143 days prepetition. On the petition date, Wisconsin was the place of Debtor's residence, the location of his fiancé and their children, and the place of his employment. Debtor testified that when he moved to Wisconsin, he intended to remain there permanently. He has since procured a Wisconsin drivers license and opened a bank account there.

Because Wisconsin is Debtor's domicile, the Wisconsin homestead exemption is applicable. The homestead is exempt to the extent of Debtor's equity in the property up to the amount of $40,000. From the record presented, it is undisputed that Debtor's equity in the property is less than $40,000.

Trustee also objects to the homestead exemption based on the exception for tax debts owed to the IRS arising in § 522(c)(a). As the IRS has not chosen to assert its rights under this section at this time, the Court concludes that Trustee's objection to exemption based on that provision should not be granted.

**WHEREFORE**, both of Trustee's Objections to Exemption (Doc. 8 and 18) are DENIED.

DATED AND ENTERED: September 6, 2005

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE